IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALVIN PIERCE and SANDRA PIERCE,      )
individually and on behalf of all    )
persons similarly situated,          )
                                     )
          Plaintiffs,                )
                                     )
     v.                              )     Civil Action No. 09-0787
                                     )
CARRINGTON RECOVERY SERVICES, LLC,   )
                                     )
          Defendant.                 )

MEMORANDUM and ORDER

Gary L. Lancaster
District Judge.                              August 14, 2009

          This action is brought pursuant to the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

Plaintiffs allege that defendant Carrington Recovery Services, LLC

violated the FDCPA by sending them a misleading and deceptive debt

collection notice [doc. no. 2].   Pending before the court is

defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

[doc. no. 5].   For the reasons set forth below, the motion will be

DENIED.


I.   BACKGROUND

          On April 14, 2009, defendant, a debt collector, sent

plaintiffs a collection notice that they owed a debt to Deutsche

Bank National Trust Company, as Indenture Trustee for New Century

Home Equity Loan Trust 2005-1 [doc. no. 2-2].   The notice reads in

pertinent part:

> In addition, we would like to advise you that
> you have thirty (30) days after receipt of
> this Notice to dispute the validity of the
> above debt, or any portion thereof, and if you
> do not do so, the debt will be assumed valid.

Id.

On May 21, 2009, plaintiffs filed a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania alleging that the notice violated the FDCPA [doc. no. 1-2].[1] Specifically, plaintiffs allege that the letter violates the FDCPA because it states that if the plaintiffs do not dispute the debt within thirty (30) days, "the debt will be assumed to be valid," rather than, "the debt will be assumed to be valid by the debt collector." According to plaintiffs, the omission of the language, "by the debt collector," violates the FDCPA.

On June 18, 2002, defendant removed the case to this court [doc. no. 1]. On July 23, 2009, defendant filed a motion to dismiss the complaint [doc. no. 5].


II.  STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Rule 8 of the Federal Rules

---

[1]

In their state court complaint, plaintiffs also alleged a violation of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et seq. [Doc. No. 1-2]. After defendant removed the case to federal court, plaintiffs filed an amended complaint alleging only the violation of the FDCPA [doc. no. 2].

of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).   However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it.   Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, et al., 515 F.3d 224, 232 (3d Cir. 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules.   The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiffs.   Twombly, 127 S.Ct. at 1965; Phillips, 515 F.3d at 231; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005).   We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiffs can prove the facts alleged or will ultimately prevail on the merits.

<u>Twombly</u>, 127 S.Ct. at 1965, 1969 n.8.  Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements.  <u>Id</u>. at 1965.  In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiffs could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted.  <u>Id</u>. at 1969 n.8.

It is on this standard that the court has reviewed the defendant's motion to dismiss plaintiffs' complaint.

III.  <u>DISCUSSION</u>

"The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors."  <u>Piper v. Portnoff Law Assocs., Ltd.</u>, 396 F.3d 227, 232 (3d Cir. 2005).  Section 1692g(a) of the FDCPA sets forth the information that must be included in a debt collection notice:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -
>
> (1)  the amount of the debt;
>
> (2)  the name of the creditor to whom the debt is owed;
>
> (3)  a statement that unless the consumer, within thirty days after receipt of the

4

notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid **by the debt collector**;

(4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)   a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (emphasis added).

Plaintiffs allege that defendant's collection notice fails to comply with this section of the FDCPA because it omits the language "by the debt collector." According to plaintiffs, the collection notice as written is "misleading as it conveys that a failure to dispute the debt within 30 days will or may result in the debt being assumed valid by others, such as a court of law, credit agency, or other entity rather than merely by the debt collector." [Doc. No. 2 at ¶ 21].

Defendant argues that the language "by the debt collector" is not mandated by the FDCPA and that the failure to include it does not constitute a violation of the Act [doc. no 6].

At this early stage in the proceedings, we cannot say, as

a matter of law, that defendant's debt collection notice does not violate the FDCPA.  Indeed, two of our sister courts have concluded that the failure to include "by the debt collector" or its equivalent is sufficient to state a claim for which relief may be granted.  See Galuska v. Collectors Training Inst. of Ill., Inc., No. 07-2044, 2008 WL 2050809, *6 (M.D. Pa. May 13, 2008) (denying the defendant debt collector's motion to dismiss because the omission of "by the debt collector" may be deceptive); Smith v. Hecker, No. 04-5820, 2005 WL 894812, *6 (E.D. Pa. April 18, 2005) (same).

Defendant's motion to dismiss will, therefore, be denied. An appropriate order follows.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALVIN PIERCE and SANDRA PIERCE,       )
individually and on behalf of all     )
persons similarly situated,           )
                                      )
            Plaintiffs,               )
                                      )
      v.                              )     Civil Action No. 09-0787
                                      )
CARRINGTON RECOVERY SERVICES, LLC,    )
                                      )
            Defendant.                )

ORDER

        AND NOW, this ⎣4⎤ of August, 2009, IT IS HEREBY ORDERED

that defendant Carrington Recovery Services, LLC's motion to

dismiss [doc. no. 5] is DENIED.

                        BY THE COURT:

                        _____
                        Gary L. Lancaster
                        United States District Judge

cc:   All counsel of record