```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

ALVIN PIERCE and SANDRA PIERCE,      )
individually and on behalf of all    )
persons similarly situated,          )
                                     )
        Plaintiffs,                  )
                                     )
    v.                               )     Civil Action No. 09-0787
                                     )
CARRINGTON RECOVERY SERVICES, LLC,   )
                                     )
        Defendant.                   )

<u>ORDER</u>

AND NOW, this 15th day of December, 2009, for the reasons stated at the hearing in this matter, IT IS HEREBY ORDERED THAT the parties have twenty-one (21) days from the receipt of this order, to file an amended Joint Motion For Preliminary Approval of Class Action Settlement and Authorization of Class Notice that addresses the following issues:

>   (1) Pursuant to paragraph 3 of the Settlement Agreement, defendant has agreed to pay a cash amount to class members. Defendant has also agreed to reduce the class members' alleged debt by 10 % or 5 % as appropriate. The parties have not identified the actual damages recoverable to the class were this case to proceed to trial. Further, paragraph 3 does not specify the date on which the alleged debt will be reduced. The parties must

also provide the court with some evidence of the potential total value of this benefit to the class, so that the fairness and reasonableness of settlement may be preliminarily analyzed;

(2) Pursuant to paragraph 4 of the Settlement Agreement [doc. no. 14-2] it appears that the Representative Plaintiffs will no longer be liable for two mortgage loans totaling $ 113,322.25 that were the subject of the collection letter at issue. Given the substantial disparity between what the named representatives receive and what the class members may receive the parties must address whether this agreement conflicts with the requirements of Rule 23(a)(3) and (4) and/or Rule 23(b)(3). The parties must also identify who "CRA" referred to in the second sentence of paragraph 4 is;

(3) Although there is no doubt that counsel for plaintiffs is an experienced advocate, in order to satisfy Rule 23, counsel must provide evidence of record in the form of a resume or curriculum vitae detailing his experience in this area;

(4) The proposed notice substantially complies with the Sample Class Action Notices promulgated by the Federal Judicial Center. We have, however, problems

with the notice:

    (A)    The notice should be captioned at the top "United States District Court for the Western District of Pennsylvania";

    (B)    At paragraph 14, the notice states that the representative plaintiffs will not get an incentive award. The class should be informed of the satisfaction of the representative plaintiffs alleged debt;

    (C)    The notice requires objections to be filed with the court and exclusions to be sent to plaintiff's counsel. This will cause confusion to class members. Both objections and requests for exclusion should be filed with the court.

BY THE COURT:

_____, Chief J.

cc: All counsel of record.